Timothy E. **STROWMATT**, Appellant,

v.

Kim E. **RODRIGUEZ** (Strowmatt), Appellee.

No. 17A03–0806–CV–306.

Court of Appeals of Indiana.

Dec. 5, 2008.

---

Timothy E. Strowmatt, Bunker, Hill, IN, Appellant, pro se.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Timothy E. Strowmatt appeals the denial of his petition to recalculate his child support arrearage.

We affirm.

### ISSUE

Whether the trial court erred in calculating Strowmatt's child support arrearage.

### FACTS

S.S. was born to Strowmatt and his then-wife, Kim Rodriguez, on December 10, 1983. The trial court dissolved Strowmatt's marriage to Rodriguez on August 30, 1988, and ordered Strowmatt to pay child support in the amount of $46.00 per week. On November 9, 1993, the trial court found Strowmatt to be in arrears in the amount of $7,452.65, and therefore ordered Strowmatt to pay an additional $14.00 per week in child support.

Strowmatt was incarcerated from January 3, 1993 through June 27, 1993, and again from June 1, 1994 through Decem-

ber 26, 2002. On or about August 14, 1998, he filed a petition to hold his child support obligation in abeyance; the trial court denied the petition on December 11, 1998, and apparently, Strowmatt did not appeal. Strowmatt again was incarcerated in April of 2004, with an earliest possible release date of April 8, 2018.

On April 5, 2004, Rodriguez filed a petition to establish Strowmatt's child support arrearage. On June 30, 2005, the trial court found Strowmatt to be $27,658.72 in arrears and entered judgment against him accordingly.

On March 25, 2008, Strowmatt filed a petition to recalculate his arrearage, arguing that "the child support order in this case should have been stayed until [his] release from incarceration...." (App.21). On April 14, 2008, the trial court entered its order; finding the petition to be "an invitation for the Court to retroactively modify support," and it denied Strowmatt's petition. (App.24).

### DECISION

◼◼ Initially, we note that Rodriguez has not filed an appellee's brief.

In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish prima facie error. Prima facie is defined in this context as "at first sight, on first appearance, or on the face of it." The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where that burden rests with

the appellee. Where an appellant is unable to meet that burden, we will affirm. *State Farm Ins. v. Freeman,* 847 N.E.2d 1047, 1048 (Ind.Ct.App.2006) (internal citations omitted).

Strowmatt asserts that the trial court erred in calculating his child support arrears. Citing to *Lambert v. Lambert,* 861 N.E.2d 1176 (Ind.2007), he argues that the amounts accrued during his periods of incarceration should not have been included in the calculation. We disagree.

In *Lambert,* the trial court entered a provisional child support order in the amount of $277.00 per week, based on Lambert's employment income. Prior to the final hearing on the dissolution, Lambert was sentenced to a period of incarceration. Thus, at the time of the final hearing, Lambert's income was "virtually nothing." 861 N.E.2d at 1177. Imputing Lambert's employment income to him, however, the trial court ordered weekly child support payments in the amount of $277.00. Lambert appealed, "arguing that the court erred in imputing to him pre-incarceration income in calculating the child support payment." *Id.* On transfer, the Indiana Supreme Court agreed, determining that "in determining support orders, courts should not impute potential income to an imprisoned parent based on pre-incarceration wages or other employment-related income, but should rather calculate support based on the actual income and assets available to the parent." *Id.*

◼ This case is distinguishable from *Lambert.* The trial court in this case did not impute income to Strowmatt when it ordered his child support obligation. Furthermore, Strowmatt is not now seeking to modify or abate his child support obligation.[1] Rather, he seeks to eliminate his

---

1. Although Strowmatt sought to have his support obligations held in abeyance during one

period of his incarceration, that request was

child support arrearage due to his past incarceration.

■ Indiana has long held "that after support obligations have accrued, a court may not retroactively reduce or eliminate such obligations." *Whited v. Whited,* 859 N.E.2d 657, 661 (Ind.2007); *Nill v. Martin,* 686 N.E.2d 116, 118 (Ind.1997) ("[O]nce funds have accrued to a child's benefit under a court order, the court may not annul them in a subsequent proceeding."). As there was no abatement order or modification of Strowmatt's child support obligation, it continued during his incarceration and accrued until his son's emancipation on December 10, 2005.[2] Accordingly, the trial court did not err in finding Strowmatt in arrears in the amount of $27,658.72.

Affirmed.

RILEY, J., and VAIDIK, J., concur.

denied. It does not appear that Strowmatt appealed that decision.

2. There are exceptions to the rule against retroactive modification:

Retroactive modification is permitted when: (1) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time that a permanent change of custody is exercised.

859 N.E.2d at 662. Strowmatt has not shown that these exceptions apply.