# FOR PUBLICATION

APPELLANT PRO SE:

**DAVID HOOKER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Aug 29 2014, 9:31 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID HOOKER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1311-DR-592 |
| | ) | |
| SHARI HOOKER, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Krista H. Wieberg, Judge Pro Tempore
Cause No. 82D04-0911-DR-987

**August 29, 2014**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, David Hooker (David), appeals the trial court's modification of his child support obligation.

We affirm.

## ISSUES

David raises three issues on appeal, which we consolidate and restate as the following two issues:

(1) Whether the trial court abused its discretion when it reduced David's weekly child support obligation from eight dollars to one dollar; and

(2) Whether the trial court violated David's due process rights by not securing his presence at the child support modification hearing.

## FACTS AND PROCEDURAL HISTORY

David married Shari Hooker (Shari) on May 14, 2002. During the marriage, two children were born: D.H. on July 27, 2004, and A.H. on November 9, 2005.[1] David and Shari separated in January 2006. David has been incarcerated in the Indiana Department of Correction since February 8, 2007, with an earliest possible release date of July 12, 2035. On July 14, 2010, the marriage between David and Shari was dissolved. In its Dissolution Order, the trial court ordered David to pay weekly child support in the amount of eight dollars for the couple's two minor children.

---

[1] David fathered a third child out of wedlock, A.E.H., who was born on October 27, 2005. The child support with respect to A.E.H. is not part of the current proceedings.

On August 11, 2013, David sent a letter to the IV-D prosecutor, requesting a review of his child support obligation. The following month, on September 3, 2013, the State, through the IV-D prosecutor, filed a petition to modify David's support obligation of his two minor children. On October 14, 2013, the trial court conducted a hearing on the State's motion. Although served with notice, neither David nor Shari attended the proceeding. At the hearing, the State requested the trial court to modify David's support obligation and to reduce his weekly payments from eight dollars to one dollar, with an additional three dollars per week toward his accrued arrearage. In addition, the trial court entered that "[o]nce [David] is released support will revert back to $8.00 per week." (Appellant's App. p. 10). On November 5, 2013, David filed an Objection and Request for Rehearing on Child Support, which was denied by the trial court.

David now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Modification of Child Support*

David contends that that trial court abused its discretion when it reduced his child support to one dollar per week, with three dollars toward his accrued arrearage, because the court failed to consider his income and his own needs. In reviewing a trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *Holtzleiter v. Holtzleiter*, 944 N.E.2d 502, 505 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id*. Whether the standard of review is phrased as "abuse of discretion" or "clear error,"

3

the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005).

The modification of child support orders is governed by Ind. Code § 31-16-8-1. This section provides that "[p]rovisions of an order with respect to child support . . . may be modified or revoked." I.C. § 31-16-8-1. Except as provided in another statute which is not applicable here, a modification may be made only:

> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>
> (2) upon a showing that:
> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered applying the child support guidelines; and
> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

I.C. § 31-16-8-1(b). The party seeking to modify a child support order bears the burden of establishing that the requirements of Indiana Code section 31-16-8-1 have been met. *Holtzleiter*, 944 N.E.2d at 505.

David does not contest the trial court's reduction in his child support obligation; rather, David contends that the trial court, in its calculation, did not take his actual income and own needs into account, nor did the trial court consider the "$155 dollars maintenance fee" attached to the collection of child support. (Appellant's Br. p. 8).

Even though David is incarcerated, he has an abiding duty to provide support for his dependent children. In evaluating his circumstances, the trial court remained

4

obligated under the Child Support Guidelines to consider all sources of income or other property when calculating support payments upon modification. *See Clark v. Clark*, 902 N.E.2d 813, 817 (Ind. 2009). As such, we held in *Clark* that the support obligation of an incarcerated person should be set in light of that individual's actual earnings while incarcerated and other assets of the incarcerated person practically available to provide such support. *Id.* The Commentary to Ind. Child Support Guideline 2 (emphasis added) provides that

> [T]he Guidelines do not establish a minimum support obligation. Instead *the facts of each individual case must be examined and support set in such a manner that the obligor is not denied a means of self-support at a subsistence level. It is, however, recommended that a specific amount be set.*

Even in situations where the noncustodial parent has no income, courts have routinely established a child support obligation at some minimum level. *See Clark*, 902 N.E.2d at 815 n.1.

During the hearing to modify his child support, David was not present and the State did not submit evidence of David's income. However, David informed the trial court of his sources of income in his Objection and Request for Rehearing on Child Support. He clarified that he has a variable income, ranging from seventy cents to one dollar per day from a landscaping apprenticeship. Even without this apprenticeship, David receives up to fifteen dollars per month. Furthermore, once child support funds have accrued to the benefit of a child, a trial court lacks the power to reduce, annul, or vacate the child support order retroactively. *Whited v. Whited*, 589 N.E.2d 657, 661 (Ind. 2007). In other words, once an arrearage has accrued, it has to be satisfied.

Moreover, Indiana Code section 33-37-5-6(b) provides that the clerk of the court "shall collect" a yearly fee of $55—not $155, as argued by David—in addition to his support payments. Contrary to David's insistence to abate the fee, this is a mandatory amount which cannot be deducted from the child support payments. *See* I.C. § 33-37-5-6(d) ("The clerk may not deduct the fee from a support or maintenance payment."). As such, David's support payment and arrearage—as minimal as they are—are transmitted integrally to the minor children. Mindful that David has an obligation to his children, we cannot conclude that the trial abused its discretion by reducing his child support and arrearage to an absolute minimum level.

## II. *Due Process Rights*

Next David contends that his due process rights were violated because the trial court did not order him transported to the child support modification hearing or otherwise secure his presence. David was served with the State's petition to modify child support and with the notice of hearing. The hearing was conducted on October 14, 2013, and David never filed a request to be present at the hearing, either in person or by an alternate method.

Although an incarcerated defendant has the constitutional due process right to bring a civil claim or defend himself or herself in a civil action, a prisoner involved in a civil lawsuit has no right to a transport order. *Sabo v. Sabo*, 812 N.E.2d 238, 242 (Ind. Ct. App. 2004). Our courts have held that a trial court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration. *Hill v. Duckworth*, 679 N.E.2d 938, 939 (Ind. Ct. App. 1997).

However, some means must exist by which a plaintiff or defendant can prosecute or defend his or her civil claim while still incarcerated lest he or she be denied the constitutional right to bring a civil action or the due process right to defend against an action. *See, e.g., Murfitt v. Murfitt*, 809 N.E.2d 332, 334 (Ind. Ct. App. 2004). A trial court should not be able to deprive a prisoner of his or her constitutional right to maintain or defend against a civil action by denying motions that the trial court can properly deny while concurrently ignoring the prisoner's requests for other methods that would allow the prisoner to prosecute or defend from prison. *Zimmerman v. Hanks*, 766 N.E.2d 752, 756 (Ind. Ct. App. 2002). Nevertheless, David never filed a motion to request his attendance by alternate means in order to pursue his action, *e.g.*, by video or telephonic conferencing, by the appointment of a guardian *ad litem* to represent his interest, or to submit his case by documentary evidence. *See id.* at 757-58. Therefore, because David never filed a motion, the trial court cannot have violated his due process rights by failing to secure his presence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by reducing David's child support payment nor did the trial court violate David's due process rights.

Affirmed.

MATHIAS, J. and CRONE, J. concur