## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT PRO SE

Constantine D. Mills, Jr.
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Constantine D. Mills, Jr.,
*Appellant*,

v.

Brandy Fisher,
*Appellee*.

September 21, 2015

Court of Appeals Case No.
90A05-1504-JP-176

Appeal from the Wells Circuit Court

The Honorable Kenton W. Kiracofe, Judge

Trial Court Cause No.
90C01-0604-JP-18

**Brown, Judge.**

[1] Constantine D. Mills, Jr., *pro se*, appeals the trial court's order modifying his support obligation to a total of $42 per week.[1] Mills raises one issue which we revise and restate as whether the court abused its discretion in entering the support order. We reverse and remand.

## *Facts and Procedural History*

[2] On September 15, 2014, Mills filed a Verified Petition to Lower Child Support Obligation. On March 26, 2015, the court held a hearing on the petition at which Mills appeared *pro se* by telephone.

[3] Mills testified that he was incarcerated, serving a fifty-year sentence for child molesting, was unable to make his support payments, that he was currently attending a two-year college program, and that he received the maximum $22 per month for that program. He stated he could not work and be in the program at the same time, and that he did not have any retirement account, inheritance, or any other source of income. He stated that he was responsible for his hygiene and that "alone is almost half of [his] pay through the month." *Id.* at 9. Mills said that he believed he was initially ordered to pay $38 per week plus $7 per week towards his arrearage.

[4] L.M.'s mother testified that L.M. has special needs, and when asked if she could estimate her expenses on a monthly basis not covered by insurance, she

---

[1] The State represents the interests of the State as L.M.'s mother is a Title IV-D recipient.

said that she paid approximately $500 per year. She also testified she earned approximately $500 per week. Mills asked L.M.'s mother if she still received SSI benefits to help with L.M.'s financial needs, and she replied that she received $773 monthly.

[5] In closing, Mills testified that "being incarcerated limits the amounts of money [he] can come up with," that he "would ask the Court that they would take into consideration the amount [he was] getting paid and come up with something reasonable within the parameters of law that [he] can actually afford," and that he was "asking not to be put in a position to where [he is] getting even further behind." *Id.* at 14-15. Counsel for L.M.'s mother stated "all we're asking is there is still be something that is applied" and that "[w]e realize it might be low but we don't think zero would be an appropriate support amount in this case." *Id.* at 16.

[6] The trial court stated that it was going to order support of $12 per week. The court entered an order of Income Withholding for Support, ordering that Mills pay $12 per week in current child support plus $30 per week toward his arrearage, for a total support obligation of $42 per week.

## *Discussion*

[7] The issue is whether the trial court abused its discretion in entering the support order. In reviewing a trial court's decision regarding the modification of child support, we reverse only for an abuse of discretion. *Hooker v. Hooker*, 15 N.E.3d 1103, 1105 (Ind. Ct. App. 2014). An abuse of discretion occurs when the

decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Id.* Whether the standard of review is phrased as "abuse of discretion" or "clear error," the importance of first-person observation and preventing disruption to the family setting justifies deference to the trial court. *Id.*

[8] Mills argues that he expects to receive $22 per month and that the support amount ordered by the court is unattainable. He requests that the court stop his current support order so he does not fall further behind.

[9] The State agrees that the court's support obligation must be based on Mills's actual earnings, and acknowledges that, "[u]nder these circumstances, he could not possibly pay the $12 per week current support or $30 per week towards his arrearage that the trial court ordered." Appellee's Brief at 5. The State requests that this court remand to the trial court to determine the amount of current support and arrearage payments that are consistent with Mills's current income.

[10] While Mills is incarcerated, he has a duty to provide support for his dependent children. *See Hooker*, 15 N.E.3d at 1105. In evaluating Mills's circumstances, the trial court remained obligated under the Child Support Guidelines to consider all sources of income or other property when calculating support payments upon modification. *Id.* (citing *Clark v. Clark*, 902 N.E.2d 813, 817 (Ind. 2009)). In *Clark*, the Indiana Supreme Court held that the support obligation of an incarcerated person should be set based on the parent's actual

earnings while incarcerated and other assets available to the incarcerated person. *Clark*, 902 N.E.2d at 817.

[11] Ind. Child Support Guideline 2 provides in part that "[w]hen a parent has extremely low income the amount of child support recommended by use of the Guidelines should be carefully scrutinized," that the court "should consider the obligor's income and living expenses to determine the maximum amount of child support that can reasonably be ordered without denying the obligor the means for self-support at a minimum subsistence level," and that "[t]he court may consider $12.00 as a minimum child support order; however, there are situations where a $0.00 support order is appropriate." The Commentary to Ind. Child Support Guideline 2 provides in part that "the Guidelines do not establish a minimum support obligation. Instead, the facts of each individual case must be examined and support set in such a manner that the obligor is not denied a means of self-support at a subsistence level." The commentary further provides, for example, that the fact a parent is incarcerated is a significant factor to consider in setting a child support order.

[12] Although the evidence at the modification hearing established that Mills received $22 per month for his participation in a college program, the trial court nevertheless set his total child support obligation at $42 per week. Leaving this support order undisturbed would likely burden Mills with a high arrearage upon his release from prison. Additionally, the ordered amount does not reflect the present earning capacity of Mills as contemplated by the Ind. Child Support Guidelines.

[13] Accordingly, we reverse the trial court's order setting Mills's child support obligation at $42 per week and remand with instructions for the court to determine a current support amount and amount to be paid toward his arrearage based upon Mills's actual earnings while incarcerated. *See Clark*, 902 N.E.2d at 817-818 (observing that the trial court set Clark's child support obligation at $53 per week while he received less than $21 per month at his prison job assignment, that this support order left undisturbed would likely burden Clark with a high arrearage upon his release from prison, and that denial of his petition would thwart the goal of having child support obligations reflect the present earning capacity of parents, and reversing the support order and remanding with instructions that the trial court consider Clark's other income sources).

## *Conclusion*

[14] For the foregoing reasons, we reverse the trial court's order and remand for a revised modification order consistent with this opinion.

[15] Reversed and remanded.

Altice, J., concurs.

Riley, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Constantine D. Mills, Jr.,
*Appellant*,

v.

Brandy Fisher,
*Appellee*.

Court of Appeals Case No.
90A05-1504-JP-176

**Riley, Judge concurring in part and dissenting in part.**

While I concur with the majority's decision to reverse the trial court's imposition of Mills' support order and arrearage, I respectfully dissent from the decision to remand this case to the trial court to determine "a current support order and amount to be paid toward his arrearage based upon Mills' actual earnings while incarcerated." (Slip op. p. 6).

[17] Initially, I would like to commend the State and mother's counsel for recognizing that "even though Mills has an abiding duty to provide support" for his dependent child, his support obligation should be "based on the obligated parent's actual earnings while incarcerated." (*See Clark v. Clark*, 902 N.E.2d 813, 817 (Ind. 2009); *Hooker v. Hooker*, 15 N.E.3d 1103, 1105 (Ind. Ct. App. 2014)). Here, all parties are in agreement that Mills' current monthly income amounts to $22, with Mills testifying that his expenses for hygiene are "almost half of [his] pay through the month." (Tr. p. 9). "[U]nsustainable support orders result in greater failure of non-custodial parents to pay their support obligations, making it 'statistically more likely that the child will be deprived of adequate support over the long term.'" *Clark*, 902 N.E.2d at 817 (citing *Lambert v. Lambert*, 861 N.E.2d 1176, 1180-81 (Ind. 2007)). Accordingly, I would retain Mills' current monthly child support order of $12, without imposing any further payments toward his arrearage until further order of the court.