## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2017, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana and Indiana Bureau of Motor Vehicles, <br> *Appellants,* <br><br> v. <br><br> Thomas H. Miracle, <br> *Appellee.* | April 28, 2017 <br><br> Court of Appeals Case No. 64A05-1607-IF-1624 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Julia Jent, Judge <br><br> Trial Court Cause No. 64D03-1005-IF-6206 |

**Barnes, Judge.**

# Case Summary

The State of Indiana and the Indiana Bureau of Motor Vehicles (collectively, "BMV") appeal the trial court's denial of their motion to correct error regarding the expungement of administrative suspension records of Thomas Miracle. We reverse and remand.

# Issue

The BMV raises one issue, which we restate as whether the trial court had the authority to order the expungement of the administrative suspensions of Miracle's driver's license.

# Facts

In March 2016, as part of infraction proceedings against Miracle, the trial court ordered the BMV to expunge the following events from Miracle's driving record:

1. Suspension for Failure to Pay for Driving While Suspended with Suspension I.D. #24 with an effective date of January 8, 2011;

2. Conviction for Driving While Suspended with Disposition Date of December 21, 2010, Offense Date of May 2, 2010 and Suspension I.D. #24; 25; 26; and 30;

3. Suspension for Failure to File Insurance – Bureau with Suspension I.D. #26 with an effective date of January 30, 2011 and end date of April 30, 2011;

4. Conviction for Failure to Provide Proof of Insurance to Bureau with a Disposition Date of December 21, 2010 and an end date of January 30, 2012;

5. Suspension for Repeat Insurance with Suspension I.D. #27 with an effective date of January 30, 2011 and an end date of January 30, 2012;

6. Suspension for Failure to Pay for Seat Belt Violation with Suspension I.D. #23 with an effective date of January 8, 2011; and

7. Conviction for Seat Belt Violation with a Disposition Date of December 21, 2010, Offense Date of May 2, 2010 and Suspension I.D. #26.

Appellant's App. Vol II p. 12.

[4] The BMV filed a motion to intervene, which the trial court granted. The BMV also filed a motion to correct error, arguing that the expungement of the January 2011 through April 2011 and January 2011 through January 2012 suspensions, referred to in points 3 and 5 above, violated Indiana Code Section 9-25-9-1(c). After a hearing, the trial court denied the BMV's motion to correct error. The BMV now appeals.

## Analysis

[5] Miracle did not file an appellee's brief. In such cases, we will not develop an argument for the appellee, and we apply a less stringent standard of review. *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015). "We may reverse if

the appellant is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it." *Id.* "The appellee's failure to provide argument does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Id.*

[6] We review the trial court's decision to deny a motion to correct error for an abuse of discretion. *Indiana Bureau of Motor Vehicles v. Hargrave*, 51 N.E.3d 255, 259 (Ind. Ct. App. 2016). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Indiana Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).

[7] When an administrative agency charged with enforcing a statute provides a reasonable interpretation of the statute, we defer to the agency. *Hargrave*, 51 N.E.3d 259. "This deference recognizes the 'general policies of acknowledging the expertise of agencies empowered to interpret and enforce statutes and increasing public reliance on agency interpretations.'" *Id.* (quoting *Ind. Wholesale Wine & Liquor Co. v. State ex rel Ind. Alcoholic Beverage Comm'n*, 695 N.E.2d 99, 105 (Ind. 1998)).

[8] The BMV notes that the two administrative suspensions at issue were the result of Miracle failing to provide proof of financial responsibility to the BMV.[1] *See*

---

[1] The BMV questions whether the trial court was permitted to expunge any of the suspensions or convictions at issue. However, it notes that its "main contention on appeal" pertains to only two of the suspensions, and

Ind. Code § 9-25-6-3(b)(1), (d) (discussing ninety-day suspensions for failure to provide evidence of financial responsibility); I.C. § 9-25-6-3.5 (discussing one-year suspensions for multiple violations of Indiana Code Chapter 9-25-3). The trial court appears to have ordered the expungement as part of Miracle's efforts to resolve infractions and failure to pay fines and court costs. However, Indiana Code Section 9-25-9-1(c) provides:

> The expungement or other removal from a person's record of an underlying judgment or conviction for which the bureau sends to the person a request for evidence of financial responsibility under this section does not alter or otherwise affect a penalty imposed by the bureau on the person for the person's failure to provide evidence of financial responsibility under this article.

Consequently, even if Miracle resolved his earlier infractions and failure to pay fines and court costs, the trial court did not have authority to expunge the administrative suspensions, which were imposed by the BMV for Miracle's failure to provide evidence of financial responsibility. We conclude that the trial court abused its discretion by denying the BMV's motion to correct error. The trial court erred when it expunged Miracle's January 30, 2011 through April 30, 2011 and January 30, 2011 through January 30, 2012 suspensions.

---

the BMV's motion to correct error pertained only to those two suspensions. Appellant's Br. p. 10. Consequently, we will address only the BMV's argument regarding those two suspensions.

# Conclusion

The trial court abused its discretion by denying the BMV's motion to correct error. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Kirsch, J., and Robb, J., concur.