## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 29 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, as Assignee of the Support Rights of<br><br>William McRoberts,<br><br>*Appellant-Petitioner/Assignor,*<br><br>v.<br><br>Ruthanna (Thompson) McRoberts,<br><br>*Appellee-Respondent* | May 29, 2019<br><br>Court of Appeals Case No. 18A-DR-2266<br><br>Appeal from the Montgomery Superior Court<br><br>The Honorable Heather Barajas, Judge<br><br>Trial Court Cause No. 54D01-0402-DR-55 |

**May, Judge.**

[1] The State of Indiana, as assignee of the support rights of William McRoberts, appeals the grant of Ruthanna (Thompson) McRoberts' petition for her child support obligation to be retroactively abated between January 4, 2018, and April 27, 2018. We reverse and remand.

# Facts and Procedural History

[2] Ruthanna (Thompson) McRoberts ("Mother") and William McRoberts ("Father") were married, and their marriage produced two children. In July 2006, the trial court dissolved their marriage and ordered Mother to pay child support. In the years after dissolution, Mother accumulated a significant arrearage. The trial court repeatedly found Mother in contempt for failure to pay support and modified Mother's support obligation numerous times.

[3] On March 1, 2017, a contracted public defender, Justin Froedge, entered his appearance for Mother in the divorce action. Thereafter, the Montgomery County public defender system changed from using private attorneys under contract to hiring full-time public defenders. As a result, on January 2, 2018, Froedge moved to withdraw his appearance in the divorce action, and the trial court granted his motion on January 3, 2018. Mother was not notified of Froedge's withdrawal of appearance, nor was she appointed a new public defender for the divorce case.

[4] Meanwhile, on November 28, 2017, the State charged Mother with nonsupport of a dependent child as a Level 6 felony in case number 54D01-1711-F6-

003121.  On January 4, 2018, Mother was arrested on that charge and confined in the Montgomery County Jail.  Shortly thereafter, the court appointed Jacob Moore, a public defender, to represent Mother in the felony case.  Mother began working through a work release program on April 15, 2018, and she received her first paycheck on April 27, 2018.  On May 18, 2018, Mother pled guilty to nonsupport of a dependent child, and the court sentenced her to 545 days to be served in work release.

[5]  In late May 2018 public defender Johnathon Holley was appointed to represent Mother in the divorce action.  On July 26, 2018, Mother moved for the trial court to retroactively eliminate her support obligation from January 4, 2018, to April 27, 2018, the time period Mother was incarcerated but not receiving paychecks from the work release program.  The State objected to Mother's petition and filed a response in opposition with supporting memorandum.

[6]  The court conducted a hearing on Mother's petition on August 22, 2018.  At the hearing, the State noted Mother had not contacted the child support office to request an abatement of her support obligation between the date she was arrested and the date of her petition.  The trial court granted Mother's petition.  The court acknowledged the law did not favor Mother, but the court chose to follow equity and "not hold [Mother] accountable for her lack of counsel when she didn't even know she wasn't represented."  (Tr. at 37.)

# Discussion and Decision

Mother, the Appellee-Respondent, has failed to file an appellate brief. Consequently, we will not develop an argument for her. *State v. Miracle*, 75 N.E.3d 1106, 1108 (Ind. Ct. App. 2017). In such situations, we apply a less stringent standard of review and will reverse upon a showing of *prima facie* error. *Id.* However, Mother's failure to file a brief does not relieve us of our obligation to correctly apply the law to the facts in the record when determining if reversal is necessary. *Id.*

We review a trial court's decision to modify a parent's child support obligation for an abuse of discretion. *Hooker v. Hooker*, 15 N.E.3d 1103, 1105 (Ind. Ct. App. 2014). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom." *Id.*

Indiana case law has long prohibited the retroactive reduction or elimination of child support obligations once those obligations have accrued. *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind. 2007). Further, retroactive modifications of child support obligations have been statutorily prohibited since at least 1987. *Id.*; *see also* Ind. Code § 31-16-16-6. This is a "bright-line rule" subject to two narrow exceptions. *Whited*, 859 N.E.2d at 661-62. Those exceptions are when:

> (1) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or

> (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental

> control for such a period of time that a permanent change of custody is exercised.

*Id.* at 662. Neither of the two exceptions identified in the *Whited* case are applicable here. The parents did not make some sort of alternative payment arrangement while Mother was incarcerated, nor did Mother take custody of the children. She simply did not pay support because she was in jail.

[10] Our Indiana Supreme Court has recognized that incarceration may significantly diminish the income and assets available to a parent to pay child support. *Lambert v. Lambert*, 861 N.E.2d 1176, 1177 (Ind. 2007). Nevertheless, "incarceration does not relieve parents of their child support obligations." *Id*. For example, in *Becker v. Becker*, an incarcerated former husband moved to have his child support obligation abated during the period of his incarceration, and the trial court retroactively reduced the husband's child support obligation. 902 N.E.2d 818, 819 (Ind. 2009). On review, our Indiana Supreme Court reversed the trial court and held a "trial court only has the discretion to make a modification of child support due to incarceration effective as of a date no earlier than the date of the petition to modify." *Id.* at 821. We are bound by Indiana Supreme Court precedent until it is changed either by that court or by legislative enactment. *Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005). Consequently, the trial court did not have discretion to retroactively abate Mother's child support obligation, even if a changeover in the Montgomery County public defender system was to blame for Mother's failure

to timely petition for modification of the support order. *See Strowmatt v. Rodriguez*, 897 N.E.2d 500, 503 (Ind. Ct. App. 2008) ("As there was no abatement order or modification of Strowmatt's child support obligation, it continued during his incarceration and accrued until his son's emancipation on December 10, 2005.").

# Conclusion

We conclude the trial court abused its discretion when it retroactively abated Mother's child support obligation from January 4, 2018, to April 27, 2018 because Indiana recognizes a bright line rule against retroactively modifying an arrearage once it has accrued and the exceptions to this bright line rule are not applicable here. Accordingly, we must reverse and remand for the trial court to recalculate Mother's arrearage.

Reversed and remanded.

Baker, J., and Tavitas, J., concur.