

**FILED**

Aug 26 2015, 9:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Valerie Boots<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Monika Prekopa Talbot<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Wharton,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | August 26, 2015<br><br>Court of Appeals Case No.<br>49A02-1502-CR-85<br><br>Appeal from the Marion County<br>Superior Court;<br>The Honorable Annie Christ-Garcia,<br>Judge;<br>49G24-1407-F6-36995 |

**May, Judge.**

[1] Jesse Wharton appeals his convictions of level 6 felony operating a vehicle while intoxicated with a prior conviction[1] and level 6 felony operating a vehicle with an alcohol concentration equivalent (ACE) of .08 or more with a prior conviction.[2] Wharton asserts his convictions subjected him to double jeopardy because the same act was the basis for both offenses.

[2] We affirm in part, vacate in part, and remand with instructions.

## Facts and Procedural History

[3] On July 25, 2014, police stopped the car Wharton was driving because the license plate was registered to a different car. As he approached the driver, the officer noted Wharton "had an odor of an alcohol beverage on his breath, his speech was slurred, his eyes were red and watery, he had pure [sic] manual dexterity." (Tr. at 10.) Wharton subsequently failed the Horizontal Gaze Nystagmus test, "refused the walk and turn and one leg stand," (*id.*), and tested .110 grams of alcohol per 210 liters of his breath.

[4] The State charged Wharton with class A misdemeanor operating a vehicle while intoxicated,[3] class C misdemeanor operating a vehicle with an ACE of .08 or more,[4] level 6 felony operating a vehicle while intoxicated with a prior

---

[1] Ind. Code § 9-30-5-2(a) (2001); Ind. Code § 9-30-5-3(a)(1) (2014).

[2] Ind. Code § 9-30-5-1(a) (2001); Ind. Code § 9-30-5-3(a)(1) (2014).

[3] Ind. Code § 9-30-5-2(a) (2001).

[4] Ind. Code § 9-30-5-1(a) (2001).

conviction, and level 6 felony operating a vehicle with an ACE of .08 or more with a prior conviction. Wharton pleaded guilty in open court to the felony charges, without benefit of a plea agreement. He confirmed the State's version of the facts and agreed he had prior convictions of operating a vehicle while intoxicated. The court entered convictions on the two felonies and sentenced Wharton to two and a half years for each count, to be served concurrently.

## Discussion and Decision

[5] Wharton was subjected to double jeopardy by the imposition of two sentences because the same act was the basis for both offenses. We must therefore vacate his conviction of operating a vehicle with an ACE of .08 or more with a prior conviction.

[6] The State's only argument is that Wharton waived his right to challenge his convictions because he entered into a "plea agreement." (Br. of Appellee at 3.) In support, the State cites *Mapp v. State*, which held "Mapp waived his right to challenge his convictions on double jeopardy grounds when he entered his plea agreement." 770 N.E.2d 332, 334 (Ind. 2002). However, in this case Wharton did not have a "plea agreement." Wharton pleaded guilty in open court without an agreement that might have brought him some benefit in return. In that circumstance, there is no waiver. *See McElroy v. State*, 864 N.E.2d 392, 396 (Ind. Ct. App. 2007) (when guilty plea was entered without the benefit of a plea agreement, defendant "may raise a double jeopardy argument").

As the State presents no argument as to the merits of Wharton's double jeopardy argument, we will treat this issue as one where no appellee's brief was filed. In such cases, we need not develop an argument for the appellee and we apply a less stringent standard of review. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 725 (Ind. Ct. App. 2009). We may reverse if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it. *Id*. The appellee's failure to provide argument does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

Art. 1, sec. 14 of the Indiana Constitution states, in relevant part, "[n]o person shall be put in jeopardy twice for the same offense." "Indiana's Double Jeopardy Clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). A two-part test was developed for determining if multiple convictions are permissible -- the statutory elements test and the actual evidence test. *Id*.

Wharton's convictions violate the actual evidence test. Under the actual evidence test, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Richardson*, 717 N.E.2d at 53. Police saw Wharton operating a vehicle while he was intoxicated. Wharton agreed to a chemical test that revealed he had .110 grams of alcohol per 210 liters of his breath. As such, both offenses arose from the same actions, on the "same date, [at] the same location." (Tr. at 10) (State's

recitation in open court of the facts).) Under double jeopardy analysis, Wharton cannot be convicted of and sentenced for both offenses. *See West v. State*, 22 N.E.3d 872, 875 (Ind. Ct. App. 2014) (double jeopardy violation from conviction of operating while intoxicated and operating with a blood alcohol content of .15 or more remanded for trial court to vacate the latter conviction), *trans. denied*.

[10] The trial court should have entered only one of the convictions. "When two convictions are found to contravene Indiana double jeopardy principles, . . . one of the convictions must be vacated." *Owens v. State*, 742 N.E.2d 538, 544-45 (Ind. Ct. App. 2001) (internal citation omitted), *trans. denied*. "In the interest of efficient judicial administration, . . . the reviewing court will make this determination[.]" *Id*. at 545. Therefore, we vacate Wharton's conviction of level 6 operating a vehicle with an ACE of .08 or more with a prior conviction.

## Conclusion

[11] Wharton's protection from double jeopardy was violated by two convictions based on the same act. Therefore, we affirm his conviction and sentence for operating a vehicle while intoxicated, we vacate the conviction of and sentence for operating a vehicle with an ACE of .08 or more with a prior conviction, and we remand to the trial court to amend its order.

[12] Affirmed in part, vacated in part, and remanded with instructions.

Crone, J., and Bradford, J., concur.