## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2017, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ivan Jones,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | March 7, 2017<br><br>Court of Appeals Case No.<br>49A02-1609-CR-2082<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Peter Nugent, Judge Pro-Tempore<br><br>Trial Court Cause No.<br>49G06-1510-F6-36148 |

**Brown, Judge.**

[1] Ivan Jones appeals his convictions for operating a vehicle while intoxicated with an ACE of .15 or more with a prior conviction and operating a vehicle while intoxicated. Jones raises one issue which we restate as whether the convictions violate double jeopardy principles. We affirm in part, vacate in part, and remand with instructions.

## Facts and Procedural History

[2] On October 12, 2015, Indianapolis Metropolitan Police Officer Tiffany Lamle responded to a call from Jones who was concerned about his neighbors harassing him. When she arrived at Jones's residence, Officer Lamle observed that Jones smelled of alcohol and had bloodshot eyes, slurred speech, and almost an unsteady balance, and she believed Jones was intoxicated and told him not to exit his home and not to drive his moped. Officer Lamle went back to her vehicle, heard Jones's moped start a couple of minutes later, and observed in her rearview mirror Jones drive the moped around his house and down the street. Officer Lamle turned her vehicle around, traveled in the direction Jones had been driving, noticed Jones's moped parked in front of a liquor store, and parked her vehicle alongside his moped and waited. A couple of minutes later, Jones exited the store and went to mount his moped, Officer Lamle observed he was "extremely wobbly while doing so," and when Jones turned toward Officer Lamle's vehicle and saw her, he said "Oh f---." Transcript at 28. Officer Lamle transported Jones to Indianapolis Metropolitan Police Officer Adam Jones for a DUI investigation, and Officer Jones observed that Jones had glassy, bloodshot eyes and the smell of alcohol on his breath.

Jones failed the horizontal gaze nystagmus test and the nine-step walk and turn test. Jones consented to a certified chemical test, and the result of the test was 0.172 grams of alcohol per 210 liters of breath.

[3] The State charged Jones with Count I, operating a vehicle with an ACE of .15 or more with a prior conviction as a level 6 felony; and Count II, operating a vehicle while intoxicated with a prior conviction as a level 6 felony.[1] A jury found Jones guilty of operating a vehicle with an ACE of .15 or more as a class A misdemeanor in Count I and operating a vehicle while intoxicated as a class C misdemeanor in Count II. Jones stipulated that he had a prior conviction for driving a vehicle while intoxicated. The court sentenced Jones to two years for each of the convictions to be served concurrently.[2]

## *Discussion*

[4] The issue is whether Jones's convictions violate double jeopardy principles. Jones argues that his convictions violate the double jeopardy clause of the Indiana Constitution under the actual evidence test, the same set of evidentiary facts proved the essential elements of both crimes, and therefore one of his

---

[1] The State's original information charged Count I as a class A misdemeanor and Count II as a class C misdemeanor, and its amended information included an allegation under a second part for each count that the offense was a level 6 felony and alleging that Jones had a prior conviction for operating a vehicle while intoxicated.

[2] The court asked Jones if he understood that, "by stipulating to the prior that the enhanced penalty is it would make each of them a level 6 felony," and Jones responded affirmatively. Transcript at 150. Although the court's sentencing order shows Jones was sentenced to two years under both Counts I and II, the sentencing order and the chronological case summary appear to indicate that Count II was entered as a class C misdemeanor. Because we vacate Count II, we need not address this discrepancy.

convictions must be vacated. The State concedes that Jones's convictions violate double jeopardy, notes that both incidents are based on the exact same incident of operating a vehicle, and states that, to remedy the error, this court should remand with instructions for the trial court to vacate one of Jones's convictions.

[5] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Indiana's double jeopardy clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression. *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015) (citing *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). A two-part test was developed for determining if multiple convictions are permissible—the statutory elements test and the actual evidence test. *Id.* Under the actual evidence test, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id.* (citing *Richardson,* 717 N.E.2d at 53).

[6] Jones's convictions violate the actual evidence test. Officer Lamle observed Jones operate a vehicle after noticing that he appeared intoxicated, Jones failed the horizontal gaze nystagmus and the nine-step walk and turn tests, and he agreed to a certified chemical test which revealed he had .172 grams of alcohol per 210 liters of breath. Both offenses arose from the same actions, on the same date, and at the same location. Under double jeopardy analysis, Jones cannot be convicted of and sentenced for both offenses. *See Wharton*, 42 N.E.3d at 541 (holding that the defendant's convictions for operating a vehicle while

intoxicated with a prior conviction and operating a vehicle with an ACE of .08 or more with a prior conviction as level 6 felonies violated the actual evidence test); *West v. State*, 22 N.E.3d 872, 874-875 (Ind. Ct. App. 2014) (holding that the defendant's convictions for operating while intoxicated and operating with a blood alcohol content of .15 or more as class D felonies constituted a double jeopardy violation), *trans. denied*. When two convictions are found to contravene Indiana double jeopardy principles, one of the convictions must be vacated, and in the interest of efficient judicial administration, the reviewing court will make this determination. *Wharton*, 42 N.E.3d at 541 (citation omitted). We vacate Jones's conviction and sentence for operating a vehicle while intoxicated under Count II. *See id.* (vacating one of the defendant's convictions and remanding to the trial court to amend its order); *West*, 22 N.E.3d at 875 (remanding with instructions to vacate one of the defendant's convictions).

## Conclusion

[7] For the foregoing reasons, we affirm Jones's conviction for operating a vehicle with an ACE of .15 or more with a prior conviction as a level 6 felony under Count I, vacate his conviction and sentence for operating a vehicle while intoxicated under Count II, and remand to the trial court to amend its order.

[8] Affirmed in part, vacated in part, and remanded with instructions.

Vaidik, C.J., and Bradford, J., concur.