

FILED

Apr 11 2017, 6:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Matthew R. Elliott
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Bureau of Motor Vehicles, et al., | April 11, 2017 |
| *Appellants-Respondents,* | Court of Appeals Case No. 45A03-1611-MI-2457 |
| v. | Appeal from the Lake Circuit Court |
| Daniel N. Newlin, | The Honorable George C. Paras, Judge |
| *Appellee-Petitioner.* | The Honorable Alice A. Kuzemka, Magistrate |
| | Trial Court Cause No. 45C01-1606-MI-198 |

**Bradford, Judge.**

## Case Summary

On January 25, 2016, as the result of a case out of Kosciusko County, Daniel Newlin's driving privileges were suspended by Appellant-Respondent the Indiana Bureau of Motor Vehicles ("BMV") for two years due to his refusal to submit to a chemical test. On June 24, 2016, Newlin filed a verified petition for specialized driving privileges in Lake County. The trial court granted his motion. The BMV filed a motion to correct error arguing that Newlin was ineligible for specialized driving privileges pursuant to Indiana Code subsection 9-30-16-1(a)(2). The trial court denied the BMV's motion.

The BMV argues that the trial court's grant of specialized driving privileges to Newlin with respect to this two-year suspension for refusing to submit to a chemical test was not supported by sufficient evidence and was contrary to law. We agree that the grant of specialize driving privileges to Newlin was contrary to law and not supported by the evidence. Consequently, we reverse and remand with instructions.

# Facts and Procedural History

Shortly after midnight on December 24, 2015, Newlin was stopped for traveling seventy-nine miles per hour in a sixty mile-per-hour zone in Kosciusko County and for failing to merge for an emergency vehicle. The officer who stopped Newlin observed that Newlin was unsteady, was slurring his speech, and had blood-shot eyes. The officer advised Newlin of Indiana's implied consent law, but Newlin refused to submit to a chemical test.

[4] On January 25, 2016, the BMV suspended Newlin's driving privileges for refusing to submit to a chemical test after the BMV received the probable cause affidavit. The suspension was a two-year suspension that was to run through January 25, 2018.

[5] On April 14, 2016, the Kosciusko Superior Court convicted Newlin of operating while intoxicated, with a blood-alcohol concentration of 0.08 or above for the offense committed on December 24, 2015. The trial court subsequently suspended Newlin's driving privileges for one year. The suspension has never been stayed by the Kosciusko trial court, nor did that court grant specialized driving privileges to Newlin.

[6] Newlin's driving privileges were suspended by the BMV again for his failure to file insurance. That suspension was only to run through August 2016. On June 21, 2016, Newlin completed a court-approved alcohol program in Kosciusko County. Newlin also obtained insurance.

[7] On June 24, 2016, Newlin filed a verified petition for specialized driving privileges in the Lake Circuit Court. In his petition, Newlin only stated that his license had been suspended "for failure to file insurance." App. p. 8. Newlin further stated that he was "not ineligible by any of the exceptions set under Ind. Code. section 9-30-16-1 or 9-30-16-5." App. p. 8. At the hearing, Newlin admitted that his privileges had been suspended for refusing to take a chemical test.

[8]     On July 12, 2016, after the hearing, the trial court in Lake County issued an order granting Newlin's petition for specialized driving privileges. The Lake County court also found that Newlin was not ineligible for specialized driving privileges, but that he had three administrative suspensions: a suspension from May 30, 2016 to August 28, 2016, for failure to file insurance; a suspension from January 25, 2016 to January 25, 2018, for refusing a chemical test; and a suspension from January 26, 2018, to January 26, 2019, for operating while intoxicated. The court, however, stayed all three suspensions. The only condition it imposed upon Newlin was that he use an interlock device for 180 days. In other words, the Lake County trial court lifted the two-year suspension for his refusal to submit to a chemical test despite being statutorily ineligible.

[9]     On August 10, 2016, the BMV filed a motion to correct error along with three exhibits. The BMV argued that Newlin was ineligible for specialized driving privileges because one of his suspensions was imposed for his failure to submit to a chemical test pursuant to Indiana Code section 9-30-16-1(a)(2). After a hearing, the Lake County trial court denied the motion to correct error.

# Discussion and Decision

[10]     Newlin did not file an appellee brief. We will not develop an argument for the appellee in such cases and we apply a less stringent standard of review. *See Wharton v. State*, 42 N.E.23d 539, 541 (Ind. Ct. App. 2015). "We may reverse if the appellant is able to establish prima facie error, which is error at first sight,

on first appearance, or on the face of it." *Id*. However, "[t]he appellee's failure to provide argument does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Id*.

[11] The BMV is appealing the denial of its motion to correct error filed with the Lake County trial court. Specifically, the BMV argues that the trial court's finding that Newlin was eligible for specialized driving privileges was not supported by the evidence and is contrary to law. Pursuant to Indiana Code subsection 9-30-16-1(a)(2), a person is ineligible for specialized driving privileges if the suspension is "based on the person's refusal to submit to a chemical test offered under IC 9-30-6 or IC 9-30-7."

[12] This court reviews a trial court's decision to deny a motion to correct error for an abuse of discretion. *Ind. and Ind. Bureau of Motor Vehicles v. Hargrave*, 51 N.E.3d 255, 259 (Ind. Ct .App. 2016). "A trial court abuses its discretion when its decision is contrary to law." *Id*. Here, as previously mentioned, Newlin's driving privileges were suspended, in part, due to his refusal to submit to a chemical test. Therefore, it was contrary to law to award Newlin specialized driving privileges and the BMV's motion to correct error should have been granted.

[13] We reverse and remand with instructions to the trial court to lift the stay of Newlin's two-year suspension for his refusal to submit to a chemical test and to revoke his specialized driving privileges.

Najam, J, and Riley, J., concur.