## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Feb 15 2018, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana, et al.,

*Appellants-Respondents,*

v.

Martin Ferrell,

*Appellee-Petitioner.*

February 15, 2018

Court of Appeals Case No.
45A03-1707-MI-1649

Appeal from the Lake Circuit Court.
The Honorable Marissa J.
McDermott, Judge.
Trial Court Cause No.
45C01-1705-MI-134

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     The State of Indiana and the Indiana Bureau of Motor Vehicles appeal the trial
court's denial of their motion to correct error after the court granted specialized
driving privileges to Martin Ferrell.  We reverse and remand.

## Issue

The State and the BMV raise two issues, which we consolidate and restate as: whether the trial court erred in denying the motion to correct error because Ferrell is statutorily ineligible for specialized driving privileges.

## Facts and Procedural History

On March 19, 2017, Ferrell was ordered to submit to a chemical test under circumstances that are not explained in the record. Ferrell refused to submit to the test. On March 20, 2017, the BMV administratively suspended his driving privileges for two years due to his failure to comply with the order.

On May 1, 2017, Ferrell filed a verified petition for specialized driving privileges. The trial court held a hearing on the petition. A deputy prosecutor appeared for the State and had no objection to the petition if Ferrell was required to use an ignition interlock device for ninety days.

After the hearing, the court granted Ferrell's petition on May 9, 2017. The court conditioned Ferrell's privileges on his use of an ignition interlock device for ninety days as requested by the State. In compliance with the court's order, the BMV noted in its records that the suspension ended on May 9, 2017.

Next, the State and the BMV, through a deputy attorney general, filed a motion to correct error. The court denied the motion without a hearing, concluding the deputy prosecutor "waived the BMV's right to now object." Appellants' App. Vol. II, p. 13. This appeal followed.

# Discussion and Decision

[7] The State and the BMV argue the trial court should have granted their motion to correct error. They characterize their claim as addressing "the sufficiency of the evidence supporting the trial court's order." Appellants' Br. p. 13. We view the appeal as raising a question of law rather than of fact, specifically whether the trial court had the statutory authority to grant specialized driving privileges to Ferrell.

[8] Ferrell did not file an appellee's brief. Under these circumstances, an appellant need only demonstrate a prima facie showing of error to merit reversal. *State v. Atkins*, 824 N.E.2d 676, 677 (Ind. 2005). Prima facie error is "'error at first sight, on first appearance, or on the face of it.'" *State v. Miracle*, 75 N.E.3d 1106, 1108 (Ind. Ct. App. 2017) (quoting *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015)). Further, the interpretation of a statute is a question of law, and we apply a de novo standard of review with no deference to the trial court's legal conclusions. *Hurley v. State*, 75 N.E.3d 1074, 1077 (Ind. 2017).

[9] The BMV has the authority to suspend persons' driving privileges for various types of misconduct. For example, if a person refuses an order to submit to a chemical test, the BMV shall suspend the person's driving privileges for one year, or for two years if the person has a conviction for operating while intoxicated in the prior two years. Ind. Code § 9-30-6-9 (2015).

[10] When the BMV administratively suspends a person's driving privileges, the person may petition a court for specialized driving privileges, thus staying the

administrative suspension. Ind. Code § 9-30-16-4 (2016). The court's power to grant such privileges is not unlimited. A person's whose driving privileges have been suspended for "refusal to submit to a chemical test offered under IC 9-30-6 or IC 9-30-7" is "ineligible for specialized driving privileges." Ind. Code § 9-30-16-1 (2016).

[11] Pursuant to the plain language of Indiana Code section 9-30-16-1, Ferrell was ineligible for specialized driving privileges because his underlying misconduct was a refusal to take a chemical test. As a result, the trial court lacked statutory authority to grant such privileges to Ferrell. *See Ind. Bureau of Motor Vehicles v. Newlin*, 74 N.E.3d 569, 572 (Ind. Ct. App. 2017) (trial court erred in denying BMV's motion to correct error as to grant of specialized driving privileges; Newlin was ineligible for the privileges because his license was suspended for failure to submit to a chemical test).

[12] Further, we agree with the State and the BMV that the doctrine of waiver is inapplicable under the circumstances of this case. It is true that the State can waive its rights as a litigant through failure to object. *See, e.g.*, *State v. Keith*, 507 N.E.2d 245, 245 (Ind. Ct. App. 1987) (State did not object, and thus waived any claim of error, when trial court sentenced defendant on misdemeanor charges that should have been dismissed, thus precluding later felony charges arising out of the same incident). However, waiver does not prevent the State, in a motion to correct error, from showing that the trial court's decision was contrary to law. Here, under Indiana Code section 9-30-16-1, the trial court had no authority to grant the specialized privileges Ferrell sought. The deputy

prosecutor's failure to object did not prevent the trial court from correcting the error in response to a motion to correct erroneous sentence.

[13] The State and the BMV have demonstrated prima facie error in the denial of their motion to correct error. Ferrell's specialized driving privileges must be revoked, and his two-year suspension must be reinstated.

# Conclusion

[14] For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings not inconsistent with this opinion.

[15] Reversed and remanded.

Crone, J., and Altice, J., concur.