## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 02 2020, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kelly Cochran
Tracy Pappas
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel S. Hamm,<br>*Appellant-Respondent,*<br><br>v.<br><br>Leah M. Brown,<br>*Appellee-Petitioner.* | December 2, 2020<br><br>Court of Appeals Case No.<br>20A-JP-920<br><br>Appeal from the Hendricks Circuit Court<br><br>The Honorable Daniel F. Zielinski, Judge<br><br>Trial Court Cause No.<br>32C01-1012-JP-87 |

**Altice, Judge.**

## Case Summary

[1] Daniel Hamm (Father) appeals the trial court's order determining his monthly payment on a child support arrearage, arguing that the trial court abused its

discretion by ordering him to pay a monthly amount that leaves him without enough money for food and other necessary daily expenses.

We reverse and remand.

## Facts & Procedural History

Father and Leah Brown (Mother) are the parents of one daughter (Child), born in October 2000. In 2006, following a car accident, Father began receiving $793 per month in Social Security disability benefits.[1] The monthly SSD payments were and remain Father's only source of income as the accident rendered him unable to work. In July 2011, Hamm was found in contempt and ordered to pay $55 per week in child support and an additional $10 per week toward a $25,924.00 then-existing arrearage. Around September 2011, Father began paying by income withholding order, with $281.70 per month being withheld from his SSD check for the child support and arrearage payment.

In June 2019, Father filed a pro se petition to terminate child support asserting that Child was emancipated because she was eighteen years old, was not enrolled in school, and was capable of supporting herself through employment. In July 2019, Mother filed a verified petition for contempt alleging that Father

---

[1] Social Security Disability Insurance (SSD) benefits are included in Indiana Child Support Guideline 3(A)(1)'s definition of "weekly gross income" for purposes of calculating child support. *See also* Child Supp. G. 3(G)(5)(a)(ii) ("Social Security Disability benefits shall be included in the Weekly Gross Income" of the noncustodial parent"). In contrast, benefits paid as Supplemental Security Income (SSI), which is a means-tested public assistance program, are specifically excluded from weekly gross income. *See* Child Supp. G. 3(A)(1) and Commentary to Child Supp. G. 3(G). Father characterizes the benefits that he receives as disability benefits, and we proceed on the assumption that his benefits are SSD and not SSI.

had failed to comply with the July 2011 order and had an arrearage of over $26,000.00.

[5]     Following an August 28, 2019 hearing, the court issued an order finding Father in contempt for failing to pay child support as ordered and determining his current arrears to be $25,862.90. The court also ordered Father to provide his 2018 tax return and copies of his last six SSD payments, and it set the matter for a "review/sanctions" hearing in October 2019.[2] *Appellant's Appendix* at 12.

[6]     The review hearing was reset and held on January 15, 2020. The parties agreed that Child was emancipated as of October 2019 and that Father no longer owed the $55 per week child support obligation. The parties also agreed that Father had an arrearage of approximately $25,000.[3] The hearing was held to determine how much Father should pay per month toward the arrearage.

[7]     Father testified that after the $281.70 was withheld from his SSD check, he was left with $511.30 per month, which figure increased to $524.30 per month in January 2020 after a cost-of-living adjustment in benefits. With regard to monthly expenses, Father stated that his lot rent was $350 per month and utilities were approximately $200 per month, totaling $550 per month, which was more than he had available after the child support and arrearage payment.

---

[2] Father maintains in this appeal that he had been paying the court-ordered amount since 2012 and should not have been found in contempt at the August 28, 2019 hearing, but concedes that he did not appeal the contempt order and that a challenge to the contempt finding is thus no longer available.

[3] An exact arrearage amount was not determined at the hearing but the parties agreed that they would later calculate the outstanding amount.

When asked how he had been managing to afford the $281 to date, Father explained that from 2012 through 2015, his mother lived with him and helped pay rent and other expenses. In 2016, he married, and his wife worked a full-time job and helped with rent and other expenses, but she was in a car accident in 2019 and, as of the date of the hearing, had not worked for eight months. Father testified that the current $281 per month payment was an extreme hardship, did not leave him with enough money to pay his bills, and that he and his wife were about to be "kicked out" of their residence. *Transcript* at 20. Father asked the trial court to reduce the amount being withheld to $100 per month, the entirety of which would now apply to his arrearage.

[8] Mother testified that she wanted Father's payment to remain at $281 per month, but she acknowledged that Father was living on a small amount of money and indicated she was willing to be "understanding" and "merciful" of Father's situation. *Transcript* at 27. She requested that, if any reduction be ordered, Father's monthly payment toward his arrearage be no less than $200, testifying, "I [] have medical debt of [Child]'s that I've always had to pay on my own" and "I still have those bills."[4] *Transcript* at 27.

[9] The trial court issued an order that terminated Father's $55 per week child support obligation as agreed by the parties and reduced Father's monthly payment from $281.70 to $200 per month. The order stated in part:

[4] Father acknowledged at the hearing that he was criminally charged and convicted for his conduct that resulted in the car accident and his disability and that Child was in the car at the time. It is not clear from the record whether the medical debt that Mother refers to is related to the car accident.

6. Father request[s] the Court to modify his child support obligation to $100 dollars per month. Should the Court grant father's request it would take nearly 21 years for any arrears to be paid in full, assuming father paid $100 per month.

7. Father[']s only income is his social security benefits, however, he has been able to pay that amount via income withholding order.

* * *

9. Mother request[s] father to pay $200 dollars per month towards his arrearage.

10. The Court finds that mother's position is more than reasonable and therefore, modifies child support obligation by father to $200 dollars per month to be paid via income withholding order.

*Appellant's Appendix* at 13-14.

[10] Father filed a motion to correct error, arguing, among other things, that the court, by ordering Father to pay $200 per month, "essentially modified and increased the prior arrearage payment of $10 per week to $46 per week[,]" and "[i]t was error for the Court to order such a high amount of payment toward the child support arrearage when [Father]'s income is limited by his disability." *Id.* at 18. Father reiterated that after payment of the $200 per month and his $550 per month housing expenses, he was not left with funds for food, medical care, and transportation. Father noted that the Commentary to Indiana Child Support Guideline 3F provides that a child support payor should not be denied

a means of self-support at a subsistence level and, here, "the child support payment order of $200 per month denies [Father] the means of self-support at a subsistence level." *Id.* at 20. Father requested, as he did at trial, that not more than $100 be withheld from his SSD check.

[11] Mother filed a response maintaining that Father has consistently paid $281.70 per month for years and that his income has not changed. Additionally, she argued that the court "in fact, reduced Father's payment by $81.70 per month, placing [him] in a better financial situation than he has found himself for the last 9 years." *Id.* at 23.

[12] The trial court denied Father's motion, and he now appeals.

## Discussion & Decision

[13] We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. *Hill v. Cox*, 153 N.E.3d 283, 286 (Ind. Ct. App. 2020). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id.* However, we apply a de novo standard of review when the issue presented for review is a pure question of law. *Id.*

[14] Determinations of child support obligations are likewise within a trial court's discretion, and we will not set such determinations aside unless they are clearly erroneous. *McGuire v. McGuire*, 880 N.E.2d 297, 301 (Ind. Ct. App. 2008). We give due regard to the trial court's ability to assess the credibility of witnesses. *Id.* We do not reweigh the evidence; rather we consider the evidence most

favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Id.*

[15] Before addressing the merits of Father's appeal, we observe that Mother did not file an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for her, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes prima facie error. *Turner v. Turner*, 983 N.E.2d 643, 646 (Ind. Ct. App. 2013). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Ward v. Ward*, 763 N.E.2d 480, 481 (Ind. Ct. App. 2002). In this context, prima facie error is defined as error "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). As we have recognized, "This standard, however, 'does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required.'" *WindGate Properties, LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018) (quoting *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015)).

[16] Father maintains the trial court's order "deprived [him] of his ability to support himself a minimum subsistence level" and should be reversed and remanded. *Appellant's Brief* at 7, 10 (emphasis in original). In support, Father relies on, in part, *McGill v. McGill*, 801 N.E.2d 1249, 1253 (Ind. Ct. App. 2004).

[17] In *McGill*, the mother and custodial parent (Jayne) filed a petition for contempt and for modification of support payments, and the non-custodial father (Walter), who was disabled and receiving monthly benefits of $276 in SSI and $296 in SSD (for a total of $572), petitioned to lower his support payments. The trial court modified the existing $25 per week support order, ordering that Walter pay $20 per week in current support, plus an additional $5 per week toward a $9110 child support arrearage, for a weekly payment of $25. Upon Walter's motion to correct error, the trial court ordered him to pay $15.57 in child support plus $5 toward the arrearage, for a payment of $20.57 per week. Walter appealed, and Jayne did not file an appellee's brief.

[18] Walter agreed that he should pay child support but argued the amount ordered was an abuse of discretion. He presented evidence that his trailer payment, lot rent, utilities, and the $20 support payment totaled $500 per month, leaving him with $72 for food, toiletries, and other basic needs. The *McGill* court determined that Walter made a prima facie showing that the $20.57 per week payment was an abuse of discretion and remanded with instruction to set his support obligation "at a level that will not deprive him of self-support at a subsistence level." *Id*. at 1253.

[19] We recognize that the court, here, faced the difficult and unenviable task of determining the proper amount that Father, who had low income and was not able to work, should pay to Mother on his undisputed $25,000 arrearage that accumulated when Father did not pay child support for approximately ten years. Although the court decreased the overall monthly withholding from his

SSD benefit by $81.70, we find that Father has presented a prima facie case that the payment of $200 per month left him without enough money to pay his basic needs.

[20] Specifically, it is undisputed that Father received approximately $800 per month in SSD, which after the $200 payment toward arrearage, would leave Father with approximately $600 on which to live. He testified that his lot rent and utilities totaled approximately $550 per month, leaving him around $50 per month for food, transportation, and medical expenses. From 2012 to 2015, his mother lived with him and contributed to payment of expenses, and from 2016 to 2019, his wife worked a full-time job and contributed to payment of expenses. His wife was injured in a car accident in 2019, however, and has not worked since that time. Father testified that they were going to get "kicked out" of their residence. *Transcript* at 20.

[21] Given our standard of review in this case, we conclude that Father has made a prima facie showing that the court's order that he pay $200 per month denied him the means of self-support at a subsistence level and warrants reversal. While Father requests that the trial court order him to pay $100 per month, we observe that there was no evidence at the hearing as to whether Father's wife will be able to work in the future or whether she has applied (or would be applying) for any social security, worker's compensation, or other benefits or whether she may be receiving insurance or other compensation from the accident, which could contribute to the household expenses. There was no evidence presented whether Father might be concurrently eligible for SSI, food

stamps, or other assistance. We instruct that, on remand, the trial court is not required to order payment in the amount of $100 per month as requested by Father and in its discretion may hold a hearing to accept additional evidence on the matter.

Judgment reversed and remanded.

May, J., concurs.

Riley, J., concurs in part and dissents in part with opinion.

Daniel S. Hamm,

*Appellant-Respondent,*

v.

Leah M. Brown,

*Appellee-Petitioner*

Court of Appeals Case No.
20A-JP-920

**Riley, Judge concurring in part and dissenting in part**

I concur with the majority's conclusion that Father has made a *prima facie* showing that the trial court abused its discretion by ordering him to pay $200 per month toward his arrearage. However, I respectfully dissent from the majority's conclusion that remand is warranted in order for the trial court to receive additional information regarding Father's wife's future earning capabilities, her possible eligibility for government assistance, receipt of insurance or compensation resulting from her car accident, and Father's eligibility for additional government benefits. Income for purposes of determining child support is based on actual income, not future income. *See* Ind. Child Support Guideline 3(A)(1) ("For purposes of these Guidelines, "weekly gross income" is defined as actual weekly gross income . . ."). At the January 15, 2020, hearing, Father presented evidence regarding his and his wife's then-current income and expenses. This evidence should be the basis for

computing Father's arrears payment, and the evidence presented by Father supported his request that his arrears payment be reduced to $100.  For these reasons, I respectfully dissent.