


FILED
Mar 06 2026, 8:57 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Jayla Anderson,

*Appellant-Defendant*

v.

Advantix Development Corporation a/m/a
for 34 E Marion LP,

*Appellee-Plaintiff*

---

March 6, 2026

Court of Appeals Case No.
25A-EV-1738

Appeal from the Grant Superior Court

The Honorable Jason D. McVicker

Trial Court Cause No.
27D03-2411-EV-501

---

**Opinion by Judge May**
Judges Altice and Foley concur.

**May, Judge.**

[1] Jayla Anderson argues the trial court erred as a matter of law when it denied her petition to seal her eviction record. We reverse and remand.

## Facts and Procedural History

[2] Anderson rented a house on Walnut Street in Marion, Indiana, from Advantix Development Corporation a/m/a 34 E Marion LP ("Landlord"). In November 2024, Landlord filed a notice of claim against Anderson alleging that she had failed to pay rent in accordance with their rental agreement. Landlord sought possession of the real estate and monetary damages. The trial court scheduled an initial hearing to determine whether a prejudgment order of possession should be issued and a second hearing for the trial court to hear evidence and enter a final judgment.

[3] Following the initial hearing, the trial court entered a prejudgment order of possession in favor of Landlord and gave Anderson approximately two weeks to vacate the house. Before that date, Anderson and Landlord entered into an agreement whereby Anderson paid the rent she owed Landlord and Landlord agreed she could stay in the house. Landlord then moved to dismiss the case, and the trial court granted Landlord's motion to dismiss. Anderson filed a verified petition to prohibit disclosure of her eviction records, and the trial court denied her petition.

## Discussion and Decision

[4] Initially, we note Landlord did not file an appellee's brief. "In such cases, we need not develop an argument for the appellee and we apply a less stringent

standard of review. We may reverse if the appellant is able to establish *prima facie* error, which is error at first sight, on first appearance, or on the face of it." *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015) (internal citation omitted). However, even in the absence of argument from the appellee, we are still obligated "to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Id.*

Anderson contends the trial court erred as a matter of law when it denied her petition because Indiana Code section 32-31-11-3 required the trial court to seal the eviction case record. At the time Anderson filed her petition to seal the record of her eviction case, Indiana Code section 32-31-11-3(a) (2022) provided that, subject to exceptions not applicable here,

> if a landlord files an eviction action and:
>
> (1) the eviction action is dismissed by the court:
>
> > (A) upon petition of the landlord . . . or otherwise;
>
> > * * * * *
>
> the court in which the eviction action was filed, upon motion by the tenant, shall order the clerk of the court and the operator of any state, regional, or local case management system not to disclose or permit disclosure of any records in the case, including the petition by the landlord for possession of the rental unit. In an order issued under this subsection, the court shall direct the clerk of the court to redact or permanently seal the court's own records related to the eviction action.

(footnote added). Effective July 1, 2025, Indiana Code section 32-31-11-3 was amended to provide that "the court in which the eviction action was filed shall, on its own motion, order" the eviction record to be sealed.

[6] "Interpretation of a statute is a question of law which we review de novo." *Taylor v. State*, 7 N.E.3d 362, 365 (Ind. Ct. App. 2014). "When the statutory language is clear and unambiguous, we give effect to its plain and ordinary meaning." *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015). "The use of the word shall is construed as mandatory language, that which creates a statutory right to a particular outcome after certain conditions are met." *Marshall v. State*, 52 N.E.3d 41, 44 (Ind. Ct. App. 2016). Here, the statute required the trial court to seal the eviction record if the one of the conditions listed in Indiana Code section 32-31-11-3(a)(1) was satisfied. *See* Ind. Code § 32-31-11-3(a) ("the court in which the eviction action was filed . . . *shall*") (emphasis added). Anderson satisfied one of those conditions because the case was dismissed after Landlord moved to dismiss it. Therefore, the trial court erred when it denied Anderson's petition to seal the record.

## Conclusion

[7] The trial court erred as a matter of law when it denied Anderson's petition to seal the record of her eviction case. She satisfied the statutory condition for the record to be sealed, and the trial court was required by statute to seal the record. Accordingly, we reverse the trial court and remand for further proceedings in accordance with this opinion.

Reversed and Remanded.

Altice, J., and Foley, J., concur.

ATTORNEYS FOR APPELLANT

Megan Stuart
Indianapolis Indiana

Christopher C. Baumgartner
Indiana Legal Services
Fort Wayne, Indiana